# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, PLAINTIFF,<br><br>v.<br><br>EXXON MOBIL CORPORATION D/B/A EXXONMOBIL CHEMICAL CORPORATION., DEFENDANT. | CIVIL ACTION<br>NO. 23-159<br><br>JURY DEMAND |

## COMPLAINT

### NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of race and to provide appropriate relief to Milferd McGhee. The defendant, Exxon Mobil Corporation (hereinafter "ExxonMobil"), subjected Mr. McGhee to a hostile work environment on the basis of race.

### JURISDICTION & VENUE

1.  Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345. This action is authorized and instituted pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C.§ 2000e-5(f)(1) and (3), and pursuant to Title I of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2.  The employment practices alleged to be unlawful were committed in the State of Louisiana and, therefore, within the jurisdiction and venue of the United

1

States District Court for the Middle District of Louisiana pursuant to Title VII, 42 U.S.C. § 2000e-5(f)(3).

## PARTIES

3. Plaintiff, the U.S. Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation, and enforcement of Title VII and is expressly authorized to bring this action by Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. At all relevant times, ExxonMobil has continuously been a corporation doing business under the trade name ExxonMobil Chemical Corporation in the State of Louisiana and has continuously had at least 15 employees.

5. At all relevant times, ExxonMobil has continuously been an employer engaged in an industry affecting commerce under Title VII, 42 U.S.C.§ 2000e(b), (g), and (h).

## ADMINISTRATIVE PROCEDURES

6. More than 30 days before the institution of this action, Mr. McGhee filed a charge of discrimination ("charge") with the Commission alleging violations of Title VII by ExxonMobil.

7. On or about February 9, 2022, the Commission issued to ExxonMobil a letter of determination ("determination") finding reasonable cause to believe that it violated Title VII and inviting it to join with the Commission in informal methods of conciliation to endeavor to eliminate the unlawful employment practices and provide appropriate relief.

8. The Commission engaged in communications with ExxonMobil to provide the opportunity to remedy the discriminatory practices described in the determination.

9. On or about April 4, 2022, the Commission issued to ExxonMobil a notice of conciliation failure, advising it that the Commission was unable to secure a conciliation agreement acceptable to the Commission.

10. All conditions precedent to the institution of this action have been fulfilled.

## STATEMENT OF CLAIMS

11. Since at least April 2016, ExxonMobil has engaged in unlawful employment practices in violation of Title VII, 42 U.S.C. § 2000e-2(a), by subjecting Mr. McGhee to a hostile work environment on the basis of race.

 A. ExxonMobil operates a chemical plant and oil refinery in Baton Rouge, Louisiana.

 B. Together, the chemical plant and the oil refinery constitute ExxonMobil's Baton Rouge Complex.

 C. Mr. McGhee has been employed by ExxonMobil at its chemical plant since 2010.

 D. Mr. McGhee is Black.

 E. Between April 2016 and December 2020, five hangman's nooses were reported at the Baton Rouge Complex.

F.  In or around April 2016, an employee at the chemical plant reported a rope tied into a hangman's noose hanging from a scaffold.

G.  In response to the report, ExxonMobil investigated the incident and banned two contractors from the jobsite.

H.  ExxonMobil did not take other remedial measures in response to the April 2016 report, such as training, counseling, or policy changes, to prevent further racial harassment.

I.  In or around March 2019, a contractor reported a second hangman's noose in the Baton Rouge Complex.

J.  A supervisor took possession of the noose and notified ExxonMobil's safety department, but Human Resources was never notified, and a contemporaneous investigation was not conducted.

K.  ExxonMobil did not take other remedial measures to prevent further racial harassment in response to the March 2019 noose.

L.  In or around August 2019, an employee reported a third hangman's noose at the chemical plant.

M.  ExxonMobil investigated the incident but was unable to identify the perpetrator.

N.  ExxonMobil's investigative report in response to the August 2019 noose recommended additional measures to remedy harassment in the workplace.

O.  ExxonMobil did not complete all the recommended measures from its report by the time another noose was found at the Baton Rouge Complex in January 2020.

P.  In January 2020, Mr. McGhee found a rope tied into a hangman's noose at his worksite at the chemical plant.

Q.  Mr. McGhee reported it to his supervisor.

R.  At the time Mr. McGhee observed the noose, he was aware that other nooses had been found in the Baton Rouge Complex.

S.  ExxonMobil investigated Mr. McGhee's complaint but was unable to identify the perpetrator.

T.  ExxonMobil's investigative report recommended additional measures to remedy racial harassment in the workplace.

U.  ExxonMobil did not complete all the measures recommended in its investigative report to remedy the harassment by the time another hangman's noose was reported at the Baton Rouge Complex in December 2020.

V.  A fifth hangman's noose was found at the Baton Rouge Complex in December 2020.

W.  The presence of hangman's nooses at the Baton Rouge Complex materially altered the terms or conditions of Mr. McGhee's employment.

X.  ExxonMobil was aware that nooses had been repeatedly found at the Baton Rouge Complex.

      Y.      ExxonMobil failed to take prompt remedial measures reasonably calculated to stop the harassment.

      Z.      ExxonMobil knew or should have known that the measures it had taken to prevent hangman's nooses were ineffective and that additional measures were necessary to prevent further harassment.

      AA.      ExxonMobil's actions were malicious and/or in reckless disregard of Mr. McGhee's federally protected right to be free from racial discrimination in the workplace.

PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

      A.      Grant a permanent injunction enjoining ExxonMobil, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from discriminating against its employees on the basis of race.

      B.      Order ExxonMobil to institute and carry out policies, practices, and programs that provide equal employment opportunities for Black or African American applicants and employees and that eradicate the effects of its past and present unlawful employment practices.

      C.      Order ExxonMobil to post and keep posted the notices required by Title VII, 42 U.S.C. § 2000e-10(a).

D. Order ExxonMobil to make and preserve all records relevant to the determination of whether unlawful employment practices have been or are being committed, in accordance with Title VII, 42 U.S.C. § 2000e-8(c).

E. Order ExxonMobil to make Mr. McGhee whole by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of above, including emotional pain and suffering, inconvenience, and humiliation, in amounts to be determined at trial.

F. Order ExxonMobil to pay punitive damages for its malicious and/or reckless conduct, as described above, in amounts to be determined at trial.

G. Grant such further relief as the Court deems necessary and proper in the public interest.

H. Award the Commission its costs of this action.

JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by this Complaint that are triable to a jury.

Dated: March 2, 2023

Respectfully submitted,

**Gwendolyn Young Reams**
Acting General Counsel
U.S. Equal Employment Opportunity Commission

**Christopher Lage**
Deputy General Counsel
U.S. Equal Employment Opportunity Commission

7

**Rudy L. Sustaita**
Regional Attorney
U.S. Equal Employment Opportunity Commission

**Gregory T. Juge**
Assistant Regional Attorney
U.S. Equal Employment Opportunity Commission

*/s/ Elizabeth J. Owen*
**Elizabeth J. Owen, T.A.**
Senior Trial Attorney
Louisiana Bar No. 33620
Andrew B. Kingsley, LA Bar No. 35865
Peter F. Theis, LA Bar No. 34786
U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
New Orleans Field Office
Hale Boggs Federal Building
500 Poydras Street, Suite 809
New Orleans, LA 70130
Phone: (504) 635-2535
Email:  elizabeth.owen@eeoc.gov
         peter.theis@eeoc.gov
         gregory.juge@eeoc.gov

COUNSEL FOR U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

**REGISTERED AGENT FOR SERVICE OF PROCESS:**

Corporation Service Company
501 Louisiana Avenue
Baton Rouge, LA 70802.