UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION | CIVIL ACTION |
| VERSUS | NO. 23-159-SDD-RLB |
| EXXON MOBIL CORPORATION | |

**ORDER**

Before the Court is the U.S. Equal Employment Opportunity Commission's ("Plaintiff") First Motion to Compel Discovery and Alternative Motion for Entry of a Protective Order (the "Motion"). (R. Doc. 11). It is opposed by Exxon Mobil Corporation ("Defendant"). (R. Doc. 23). Also before the Court are Plaintiff's reply and Defendant's surreply. (R. Docs. 27, 30).

**I.    Background**

Plaintiff brought this civil rights employment action on March 2, 2023 to provide relief to Milferd McGhee ("Mr. McGhee"), a "Black [man who] has been employed by [Defendant] at its chemical plant since 2010." (R. Doc. 1 at 1, 3). During his employment, Mr. McGhee learned of five nooses that were hung in Defendant's "Baton Rouge Complex."[1] (R. Doc. 1 at 3). Three separate nooses were found in April 2016, March 2019, and August 2019 before Mr. McGhee found a noose "at his worksite" in January 2020. (R. Doc. 1 at 4, 5). Plaintiff alleges that Defendant was unable to identify the perpetrator and did not complete all the measures recommended in its investigation report by the time the fifth hangman's noose was reported in December 2020. (R. Doc. 1 at 5). Plaintiff argues (i) Defendant failed to take proper action despite its knowledge, and (ii) the nooses "materially altered the terms or conditions of Mr.

---

[1] The "Baton Rouge Complex" consists of the Baton Rouge Refinery, the Baton Rouge Chemical Plant, the Baton Rouge Polyolefins Plant, the Baton Rouge Plastics Plant, and the Port Allen Lube Plant. (R. Docs. 1 at 3; 23 at 3).

1

McGhee's employment." (R. Doc. 1 at 5, 6). To obtain information regarding the nooses, Plaintiff propounded requests for production ("RFP(s)") and interrogatories on Defendant on December 1, 2023. (R. Docs. 14-1; 14-2). Unsatisfied with Defendant's responses, Plaintiff filed the instant Motion, seeking supplemental responses to many of the RFPs and interrogatories. (R. Doc. 11).

**II.    Law and Analysis**

Under Fed. Rules Civ. P. "33 and 34, a party upon whom interrogatories and [RFPs] have been served shall serve a copy of the answers, and objections if any, to such discovery requests within thirty days after service of the requests." *Shelton v. Landstar Ranger, Inc.,* No. CV 22-337-BAJ-SDJ, 2023 WL 1425321, at *1 (M.D. La. Jan. 31, 2023) (citation omitted). If a party fails to timely respond to discovery requests made after the Fed. R. Civ. P. 26 conference and pursuant to Fed. Rules Civ. P. 33 and 34, the party seeking discovery "may move to compel responses and for appropriate sanctions under Rule 37." *Id.,* at *1. An "evasive or incomplete . . . response must be treated as a failure to disclose, answer, or respond." Fed. R. Civ. P. 37(a)(4). When a party moves to compel responses, that party's motion "must [certify] that [the party,] in good faith[,] conferred or attempted to confer with the person or party failing to make disclosure or discovery[.]" Fed. R. Civ. P. 37(a). "The Rule 37 conference is an effort to avoid judicial intervention, and the parties must treat the informal negotiation process as a substitute for, and not simply a formalistic prerequisite to, judicial resolution of discovery disputes." *Cangelosi v. New York Life Ins.. Co.,* No. CV 15-325-SDD-RLB, 2016 WL 4944137, at *2 (M.D. La. Sept. 15, 2016). "[I]f a motion to compel . . . is granted, the court must, after affording an opportunity to be heard, require the party whose conduct necessitated the motion to pay . . . the moving party's reasonable expenses . . . unless the court finds that the motion was filed without the

2

movant first making a good faith effort to obtain the discovery without court action; that the party's nondisclosure . . . was substantially justified; or that other circumstances make an award of expenses unjust." *Shelton,* 2023 WL 1425321, at *2.

The instant Motion is accompanied by a Rule 37 Certificate that states Plaintiff's counsel "discussed Plaintiff's Motion to Compel and the issues raised thereby over the telephone with counsel for [Defendant], on February 9, 2024 and has also communicated at length with [Defendant's] counsel via email but to date Defendant has failed to provide supplemental responses or specify how or when it [will do so]." (R. Doc. 11 at 106). This is not, however, entirely consistent with the record before the Court.

After Defendant received Plaintiff's discovery requests, but before responses were provided, a discovery conference was set for February 9, 2024. (R. Docs. 14-1; 14-2; 23 at 5). Due to a prior extension, Defendant timely served "partial" responses and objections to the discovery requests on February 2, 2024. (R. Doc. 14 at 2). Defendant also attached a draft protective order as Defendant had "agreed to produce, subject to a protective order, documents [partially] responsive to fifteen of [Plaintiff]'s sixty [RFPs.]" (R. Doc. 14 at 2, 3). Five days later, on February 7, 2024, Plaintiff's counsel sent a letter concerning Defendant's objections and responses to certain RFPs and interrogatories, and also attached Plaintiff's draft protective order. (R. Doc. 14-3). The parties participated in a Rule 37 conference on February 9, 2024, and Plaintiff's counsel sent a follow up letter on February 12, 2024. (R. Docs. 14 at 3; 14-4).

Plaintiff's counsel wrote that Defendant agreed to provide (i) signed and verified interrogatory responses by February 15, 2024 (ii) a privilege log by February 23, 2024 (iii) amended or supplemental responses to multiple RFPs by February 15, 2024 (iv) a response to the

3

proposals in the letter by February 15, 2024 and (v) feedback regarding the proposed protective order by February 16, 2024. (R. Doc. 14-4).

On February 15, 2024, Defendant's counsel responded, clarifying that his client had never agreed in the Rule 37 call to provide additional, supplemental and amended responses by February 15, 2024, but also noting he was working with Defendant to evaluate their position and draft any supplemental responses. (R. Doc. 23-3 at 2, 3). Defendant's counsel acknowledged that he did agree to provide a first amending and supplemental response to the RFPs, but explained he provided such responses after the Rule 37 call on February 9, 2024. (R. Doc. 23-3 at 2, 3). Defendant's counsel also clarified he agreed to provide a privilege log of pre-charge communications related to the January 2020 alleged incident and a "verification for the original interrogatory responses by February 23, 2024." (R. Doc. 23-3 at 3). He also explained that "in an attempt to avoid motion practice only, [he] would recommend [to his client] agreeing to [a] five-year period [regarding discovery] only if the parties . . . agree[d] on a reasonable geographic scope." (R. Doc. 23-3 at 3). He also noted he was considering Plaintiff's proposed protective order and would "provide proposed redlines . . . by February 16, 2024." (R. Doc. 23-3 at 3). Although the proposed redlines were provided on February 16, 2024, as promised, Plaintiff filed the Motion the same day with no further discussion. (R. Doc. 23 at 7).

Defendant argues Plaintiff "failed to sufficiently confer in good faith pursuant to [Rule] 37(a)(1), and in fact, failed to notify (much less confer with) [Defendant] of its final position related to the requested scope of discovery sought in some instances." (R. Doc. 23 at 2). Defendant therefore concludes Plaintiff's Motion is "premature [because] the parties had not reached an impasse on all of the issues/requests raised in the Motion." (R. Doc. 23 at 2).

4

In its Rule 37 Certificate, its Motion, and its memorandum in support, Plaintiff's counsel asserts only that one Rule 37 conference was held on February 9, 2024 to discuss Defendant's responses. (R. Docs. 11, 14). It is not clear when supplemental or amended responses to the interrogatories were to be provided. The only apparent agreements made were that Defendant was to provide: (i) supplemental or amended RFP responses by February 15, 2024; (ii) a response regarding Plaintiff's draft protective order by February 16, 2024; (iii) a verification of the original responses by February 15, 2023 (according to Plaintiff) or February 23, 2024 (according to Defendant); and (iv) a privilege log by February 23, 2024. (R. Docs. 14-4; 23-3).

After the only Rule 37 conference, Defendant sent new RFP responses on February 9, 2024. (R. Docs. 14-6). The parties exchanged lengthy correspondence on February 12, 2024 and February 15, 2024 regarding their discovery positions. (R. Docs. 14-4; 23-3). Defendant's counsel even proposed the possibility of compromise on the timing and geographic scope of the discovery at issue and also indicated he was working with his client to evaluate the parties' positions and any possible supplemental responses. (R. Doc. 23-3).

While Plaintiff addressed Defendant's responses to the RFPs in the February 12, 2024 letter, the scope of discovery remained under discussion, and it does not appear any impasse had been reached. (R. Doc. 14-4; 23-3). In addition, a significant number of other discovery related issues remained under discussion. (R. Doc. 14-4; 23-3). The timing is also concerning. Plaintiff's counsel requested additional RFP revisions by February 15, 2024, despite being informed that Defendant's counsel would be out of state the week of February 12, 2024, and that his client contact was out of town until February 23, 2024. (R. Doc. 23-3 at 2). Defendant's counsel also advised he was willing to consider an agreement or "middle-ground" regarding an expanded timeframe of discovery with appropriate geographic limitations. (R. Doc. 23-3).

5

The Court is not satisfied that Plaintiff sufficiently engaged on these issues in an attempt to avoid court involvement. By filing the motion on February 16, 2024, this Court finds that any attempt to secure a resolution prior to filing the motion was insufficient to accomplish the objectives contemplated by the rule. The parties should re-engage in the process that was abruptly cutoff with the filing of this Motion.

### III. Conclusion

For the foregoing reasons,

**IT IS ORDERED** that the Motion to Compel (R. Doc. 11) is **DENIED**.

**IT IS FURTHER ORDERED** that the parties meet and confer, **on or before June 13, 2024,** about the issues raised in the Motion, and conduct any follow-up conference(s) as necessary. Plaintiff may refile its motion to compel **on or before July 3, 2024**. Any refiled motion shall be accompanied by a Rule 37 certificate setting forth (1) how the conference(s) were scheduled and agreed upon, (2) who participated, (3) when the conference took place, (4) whether the conference was conducted by phone or in person, (5) the duration of the conference, (6) the specific, itemized topics that were addressed at the conference, and (7) whether any issues were resolved by the parties.[2]

Signed in Baton Rouge, Louisiana, on June 5, 2024.

_____
**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**

---

[2] Each party should carefully consider whether a compromise may be reached regarding the scope of discovery regarding the circumstances and responses to the other noose discoveries referenced in the pleadings.